IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

FILED
MAR - 2 2018
CLERK, US DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:18CR 20 |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES L. LEWIS, | ) | 18 U.S.C. § 1014 |
| | ) | False Statement to Financial Institution |
| Defendant. | ) | (Count 1) |
| | ) | |
| | ) | 26 U.S.C. § 7206(1) |
| | ) | Making and Subscribing a False Tax Return |
| | ) | (Count 2) |

CRIMINAL INFORMATION

COUNT ONE

THE UNITED STATES ATTORNEY CHARGES THAT:

In or about November 2015, in the Eastern District of Virginia, CHARLES L. LEWIS, the defendant herein, knowingly made false statements for the purpose of influencing the action of TowneBank, an institution whose accounts are insured by the Federal Deposit Insurance Corporation, in connection with loan and credit applications, to wit: LEWIS submitted materially false Commonwealth Auto Credit, LLC, borrowing base certificates and other financial documentation that contained overstated income and accounts receivable, falsely designed to increase a line of credit available for access by LEWIS.

(In violation of Title 18, United States Code, Section 1014).

## COUNT TWO

THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

On or about October 13, 2016, in the Eastern District of Virginia, CHARLES L. LEWIS, the defendant herein, did willfully make and subscribe a document, namely a 2015 U.S. Individual Income Tax Return, Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and which he did not believe to be true and correct as to every material matter. That document, which was filed with the IRS on or about October 13, 2016, reported taxable income of $268,978, on line 43, whereas, as CHARLES L. LEWIS then and there well knew and believed, he had taxable income in the approximate amount of $4,428,879.

(In violation of Title 26, United States Code, Section 7206(1)).

## FORFEITURE ALLEGATION

1. The defendant, if convicted of the violation alleged in Count One of this information, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the violation.

2. If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

(In accordance with Title 18, United States Code, Section 982(a)(2)).

UNITED STATES v. CHARLES L. LEWIS, 4:18CR 20

Respectfully submitted,

Tracy Doherty-McCormick
Acting United States Attorney

By: _____
Brian J. Samuels
Assistant United States Attorney
Virginia State Bar No. 65898
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Tel. (757) 591-4000
Fax: (757) 591-0866